SMITH BROTHERS WOODLAND MANAGEMENT, LLC
*v.* ZONING BOARD OF APPEALS OF
THE TOWN OF BROOKFIELD
(SC 18220)

Rogers, C. J., and Norcott, Palmer, Vertefeuille, Zarella and McLachlan, Js.

Argued September 23—officially released October 27, 2009

*Brian A. Lema*, for the appellant (plaintiff).

*Thomas W. Beecher*, for the appellee (defendant).

*Opinion*

PER CURIAM. The zoning enforcement officer of the town of Brookfield issued a cease and desist order to the plaintiff, Smith Brothers Woodland Management, LLC, for the improper storage of logs and land clearing equipment on its property. The plaintiff appealed from the cease and desist order to the defendant, the zoning board of appeals of the town of Brookfield (board),

which upheld the order. The plaintiff then appealed from the board's ruling to the trial court, which sustained the plaintiff's appeal in part. After obtaining certification to appeal, the board then appealed to the Appellate Court, which reversed the trial court's judgment. *Smith Bros. Woodland Management, LLC* v. *Zoning Board of Appeals*, 108 Conn. App. 621, 632, 949 A.2d 1239 (2008). We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the issuance of a certificate of zoning compliance with conditions precluded the plaintiff from engaging in other preexisting, nonconforming uses?" *Smith Bros. Woodland Management, LLC* v. *Zoning Board of Appeals*, 289 Conn. 908, 957 A.2d 872 (2008). We conclude that certification was improvidently granted and dismiss the appeal.

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "Prior to the plaintiff's purchase of the subject property on April 1, 1999, the premises were owned by John J. Kolinchak, Jr., from 1971 to 1999 . . . . On March 23, 1999, Kolinchak submitted an application for a certificate of zoning compliance to the Brookfield zoning commission (commission) for use of the property as a general contractor site with nonretail logging as an accessory use. When the premises were purchased by the plaintiff, the application was taken over by the [plaintiff]. The application was denied on March 26, 1999, but the plaintiff requested that the denial be reconsidered . . . ." *Smith Bros. Woodland Management, LLC* v. *Zoning Board of Appeals*, supra, 108 Conn. App. 622–23.

Thereafter, "[t]he application for the certificate of zoning compliance was granted by the commission with the stipulation that the provisions in the letter [that the plaintiff had submitted along with its application] be part of the certificate, and a prohibition against the

marshaling of logs, with marshaling defined as 'the gathering, storing on site, [and] removal to another location.' The plaintiff did not appeal from the imposition of the stipulations or take any further action regarding the certificate of zoning compliance.

"The commission inspected the subject property in 2005 and found evidence of grinding material, storage of logs in excess of twelve feet in length, additional log storage outside of the approved area of the property and the presence of numerous unregistered vehicles that constituted an illegal junkyard. . . . [T]he commission [subsequently] voted to issue a cease and desist order . . . for the improper storing of logs and the on-site storage and maintenance of unregistered motor vehicles. The plaintiff appealed from the decision of the commission to the board." Id., 624–25.

This certified appeal followed. The plaintiff claims that the Appellate Court's reversal of the trial court's judgment was improper because the town zoning regulations did not authorize the commission to utilize a certificate of zoning compliance to regulate nonconforming uses. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification for this appeal was improvidently granted.

This appeal is dismissed.